Anchun Jean Su (DC Bar No. CA285167)
Howard M. Crystal (DC Bar No. 446189)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
Tel: (202) 849-8399
Emails: jsu@biologicaldiversity.org
         hcrystal@biologicaldiversity.org
*Admitted Pro Hac Vice*

Tala DiBenedetto (NY Bar No. 5836994)
P.O. Box 371
Oceanside, NY 11572-0371
Tel: (718) 874-6734, ext. 555
Email: tdibenedetto@biologicaldiversity.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Center for Biological Diversity; and Conservation CATalyst, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, in her official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security; and U.S. Customs and Border Protection, <br><br> Defendants. | Case No. CV-25-00365-TUC-AMM (JEM) <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR STAY** |

As stated in Defendants' Motion For A Stay (ECF No. 23, ¶ 5), Plaintiffs object to a litigation stay unless Defendants also stay the Arizona border wall construction associated with the IIRIRA[1] Section 102(c) waiver at issue in this case. Because Defendants have declined Plaintiffs' request that they stay the challenged activity, Plaintiffs oppose the Motion because: (1) Defendants have not met their burden to demonstrate why the stay is necessary or appropriate, particularly since the Court may direct Department of Justice ("DOJ") staff to continue to work during the Congressional appropriation lapse; (2) an indefinite litigation stay without also pausing the underlying harmful activities at issue here would cause ongoing and irreversible harm to Plaintiffs, their members and imperiled species; and (3) resolving this case as fast as practicable would best serve judicial economy.

As a threshold matter of standard of review, "[t]he party who moves for a stay has the burden to 'make out a clear case of hardship or inequity in being required to go forward,' and the court must weigh the competing interests that will be affected by the granting of or refusal to grant the stay." *DeMartini v. Johns*, 693 Fed. Appx. 534, 538 (9th Cir. 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

First, Defendants have failed to meet their burden to demonstrate that a litigation stay is necessary, or that they would face any hardship or inequity if this case were to move forward. Defendants merely cite the broad language of the Antideficiency Act, 31 U.S.C. § 1342, which does *not* require the Court to stay this case. Rather, numerous courts

---

[1] Section 102(c) of the Illegal Immigration Reform and Immigrant Responsibility Act, codified at 8 U.S.C. § 1103 note.

have denied legal stay motions based on that statute, upon which Defendants solely rely. *See, e.g., Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638-39 (D.C. Cir. 2019) (Srinivasan & Edwards, JJ., concurring) (noting that, in the D.C. Circuit, "not a single motion seeking a stay was granted during the 2013 shutdown," and the United States continued to litigate all sixteen of those cases); *Klamath-Siskiyou Wildlands Ctr. v. Grantham*, 2019 U.S. Dist. LEXIS 1986, at *4 (E.D. Cal. Jan. 4, 2019); *Nevada v. United States*, 2019 U.S. Dist. LEXIS 234506, at *3-4 (D. Nev. Jan. 2, 2019). On the contrary, the Antideficiency Act specifically permits federal activities to continue during a lapse in appropriations that are "authorized by law," 31 U.S.C. § 1342, and DOJ has interpreted this to mean that the United States will continue with civil litigation when subject to a court-ordered deadline. *See U.S. Department of Justice FY 2026 Contingency Plan*, at 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl ("2025 DOJ Contingency Plan") (attached hereto as Exhibit A) ("If a court . . . orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."); *see also S.A. v. Trump*, 2019 U.S. Dist. LEXIS 5742, at *3 (N.D. Cal. Jan. 11, 2019) (denying motion to stay due to lapse of appropriations act funding, noting that the court's order "constitutes express legal authorization for the government to continue litigating this case under the Antideficiency Act."). Notably, the 2025 DOJ Contingency Plan also states that the vast majority of DOJ's employees—eighty-nine percent—are exempt from furloughs, seriously undermining any claim that the government in fact faces the requisite hardship to justify a stay. 2025 DOJ Contingency Plan, at 2.

|   |   |
|---|---|
| 1 | Second, the balance of harms favors denying an indefinite stay in this case, which would cause Plaintiffs ongoing and irreversible harm where the federal action being challenged—the construction of a border wall and roads slicing through Arizona's San Rafael Valley that would destroy the most important remaining wildlife corridors for highly imperiled jaguar and ocelot populations (ECF No. 1, ¶¶ 41-49; ECF No. 11, at 5-6)—would continue during the indefinite stay period. Project construction has already begun in the San Rafael Valley. Rachel Louise Just, *Construction Begins on 27 Miles of Border Wall Through Wildlife Corridor*, ABC15 Arizona (Oct. 2, 2025), https://www.abc15.com/news/region-central-southern-az/construction-begins-on-27-miles-of-border-wall-through-wildlife-corridor (attached hereto as Exhibit B). Even though Plaintiffs requested a stay in construction as an appropriate counterpart to a stay in the legal proceedings, Defendants denied this request and have otherwise provided no assurances that construction associated with the challenged project will cease during the indefinite stay period.

Courts have denied motions for an indefinite stay due to lack of appropriations where the underlying environmental harm would not be paused or cease during the stay period. For example, in *Klamath-Siskiyou Wildlands Ctr.*, the district court for the Eastern District of California denied federal defendants' motion for a stay due to a lapse in appropriations in a case challenging a logging a project, where Defendants attempted to rely on the same language in 31 U.S.C. § 1342. 2019 U.S. Dist. LEXIS 1986, at *3-4. There, the Court noted that the nature of the environmental harm was irreparable and that, "[t]o extend the time Plaintiff [must] wait[] for resolution, while continuing the Project at |

3
Plaintiffs' Response to Defendants' Motion for Stay    CV-25-00365-TUC-AMM (JEM)

issue" would "allow[] irreversible action to continue which may result in irreparable harm to Plaintiff." *Id*. at *4.

Similarly here, border wall construction that would cleave though an area of immense ecological importance and negatively impact federally threatened and endangered species, would harm Plaintiffs' and their members' professional, recreational, aesthetic, spiritual, scientific and cultural interests in the impacted area and the species who live there (ECF No. 11 at 10 n.2; ECF No. 1, ¶¶ 14-23). *See also, Nevada*, 2019 U.S. Dist. LEXIS 234506, at *3-4 (denying motion to stay due to lack of appropriations "in light of the alleged irreparable harm and the government's refusal to assure that it will not proceed with the asserted harmful conduct" (shipment of plutonium) before resolution of motion for preliminary injunction).

Third, allowing this case to move forward would promote judicial economy. Courts generally disfavor indefinite stays. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.") (citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring a strong showing to justify an indefinite stay)). The parties agreed to expedited briefing in this case due to the time-sensitive nature of the challenged activity and the irreversible harms to the environment. A stay of deadlines in this case for an indefinite period would undermine the judicial economy benefits of expedited briefing and cause undue prejudice to Plaintiffs from ongoing construction and resulting harm to protected species and the environment. *See Native Songbird Care & Conservation v. Foxx*, 2013 U.S. Dist. LEXIS 147828, at *3 n.3 (N.D. Cal. Oct. 11, 2013) ("Given the fact that time is of the essence in this case, and

the fact that an indefinite stay could potentially prejudice Plaintiffs, the Court will not stay this case because of the lapse of appropriations."). The issues in this litigation have been almost completely briefed, and the lapse in appropriations occurred a mere two days before Defendants' deadline for its reply brief in this case. (ECF No. 23, ¶ 3). Hence, judicial economy is best served by the prompt resolution of this case.

Ultimately, Plaintiffs seek expedited review to resolve the cross motions for summary judgment, as other courts have done to address urgent, ongoing harms to plaintiffs. *See, e.g., Environmental Def. Fund, Inc. v. Wright*, 2025 WL 2663068 (D. Mass. Sept. 17, 2025) (denying preliminary injunction but granting summary judgment on expedited basis to environmental organizations harmed by government's procedural violations). Accordingly, to avoid ongoing harm to Plaintiffs and promote judicial economy, Plaintiffs respectfully request that this Court deny Defendants' Motion to Stay.

DATED: October 3, 2025                    Respectfully submitted,


ANCHUN JEAN SU (DC Bar No. CA285167)
HOWARD M. CRYSTAL (DC Bar No. 446189)
CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street N.W., Suite 1300
Washington, D.C. 20005
Telephone:   (202) 849-8399
Emails:   jsu@biologicaldiversity.org
            hcrystal@biologicaldiversity.org
*Admitted Pro Hac Vice*


*/s/ Tala Dibenedetto*

TALA DIBENEDETTO (NY Bar No. 5836994)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 371
Oceanside, NY 11572-037
Telephone: (718) 874-6734, ext. 555
Email: tdibenedetto@biologicaldiversity.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*