1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

7
8

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-25-00365-TUC-AMM (JEM) |
| Plaintiffs, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for a Stay of Defendants' Reply Deadline In Light of Lapse of Appropriations ("Motion"). (Doc. 23.) As ordered by this Court, Plaintiffs filed Plaintiffs' Response to Defendants' Motion for Stay. (Doc. 25.) For the foregoing reasons, the Court will grant the Motion.

**Background and Motion to Stay**

At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice ("DOJ") expired and those appropriations to the DOJ lapsed. In their Motion, Defendants represent that "[a]bsent an appropriation, [DOJ] attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of property.' 31 U.S.C. § 1342." (Doc. 23 at p. 2.)  Accordingly, Defendants request a stay of the deadline[1] to file their reply memorandum in support of their motion for summary judgment until Congress has restored appropriations to the DOJ. (Doc. 23 at p. 2.) Defendants represent that if a stay is issued, Defendants' counsel will notify the Court as soon as Congress has appropriated funds for the DOJ.

Plaintiffs oppose the Motion arguing that Defendants have not met their burden to demonstrate why the stay is necessary or appropriate, that an indefinite litigation stay would cause ongoing and irreversible harm to Plaintiffs, their members and imperiled species, and that judicial economy favors resolving this case as soon as practicable. (Doc. 25 at p. 2.)

**Legal Standards**

Section 1342, Title 31, United States Code, provides, in relevant part, that "[a]n officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

The decision to issue a stay is within the discretion of the district court.[2] *See Ryan v. Gonzales*, 568 U.S. 57, 74 (2013). In considering a motion to stay the following factors

---

[1] Defendants' reply is currently due October 3, 2025. (Doc. 17.)

[2] A motion to stay litigation that is not dispositive of either the case or any claim or defense within it may properly be determined by a magistrate judge. *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). This Court finds that Defendants' Motion is not dispositive of either the case or any claim or defense within it.

- 2 -

are weighed: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The moving party bears the burden to demonstrate that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

**Analysis**

As laid out above, due to the lapse in appropriations that occurred on September 30, 2025, Defendants seek a stay based on 31 U.S.C. § 1342. (Doc. 23.) In opposing the stay request, Plaintiffs primarily rely on *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638-639 (D.C. Cir. 2019) (per curiam). (Doc. 25 at p. 3.) Plaintiffs urge that Defendants have failed to demonstrate that they will face "any hardship or inequity if this case were to move forward." *Id*. As explained below, this Court is not persuaded by *Kurnitzky Grp., LLC*.

In *Kornitzky Grp., LLC*, government counsel orally moved for a stay of oral argument due to a lapse in appropriations to the DOJ in 2019. The motion was denied without explanation. 912 F.3d 637. Plaintiffs rely upon the concurring opinion arguing that, "in the D.C. Circuit, 'not a single motion seeking a stay was granted during the 2013 shutdown[.]'" (Doc. 25 at p. 3.)

More precisely, however, the concurring opinion in *Kornitzky, Grp., LLC*, highlights that in 2013, in the D.C. Circuit, motions to stay oral argument in 16 cases were denied and the government participated in oral argument. 912 F.3d at 638. As pointed out

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

by the dissent in *Kornizky Grp., LLC*, a court order requiring or authorizing a government attorney's presence may immunize the attorney from the sanctions for violating § 1342 . . . [b]ut it does not relieve the court from its responsibility to comply with the law." *Kornitzky Grp., LLC*, 912 F.3d at 640. The dissent noted that the majority opinion "contains no legal analysis" and relies on orders denying stays that "also contain no legal analysis." *Id*. at 640-41. The dissent further highlights:

> the Administrative Office of United States Courts, in a press release on January 7, 2019, reported that federal courts, in response to motions of the Department of Justice, "have issued orders suspending, postponing, or holding in abeyance civil cases in which the government is a party for a limited period, subject to further consideration, or until appropriated funds become available." Press Release, United States Courts, Judiciary Operating on Limited Funds During Shutdown (Jan. 7, 2019). (citing *Estate of Klieman v. Palestinian Authority*, No. 15-7034 (D.C. Cir. Jan. 3, 2019) (per curiam order), granting the Justice Department's § 1342 motion for a stay of a briefing deadline in light of the government shutdown.)

*Id.* at 641.

This Court finds that under the current circumstances in this case a stay is appropriate. The Court finds that Defendants have met their burden of establishing that a stay is appropriate considering the directive of 31 U.S.C. § 1342 that its attorneys are prohibited from working "even on a voluntary basis, except in very limited circumstance, including 'emergencies involving the safety of human life or the protection of property.' " 31 U.S.C. § 1342.

Although Plaintiffs urge that courts generally disfavor indefinite stays, Defendants do not seek an indefinite stay. Rather, Defendants seek a stay "until Department of Justice attorneys are permitted to resume their usual civil litigation functions." (Doc. 23 at p. 2.)

Accordingly, if appropriations remain lapsed on Friday, October 31, 2025, Defendants shall file a motion seeking to continue the stay by Monday, November 3, 2025.

Lastly, at this juncture, the Court finds that judicial economy is not offended by this stay that is being issued considering 31 U.S.C. § 1342 and because of a lapse in appropriations.

**Conclusion**

Accordingly,

**IT IS HEREBY GRANTING** Defendants Motion For a Stay of Defendants' Reply Deadline in Light of Lapse of Appropriations (Doc. 23). Should appropriates remain lapsed on Friday, October 31, 2025, Defendant shall move to continue the stay by Monday, November 3, 2025.

Dated this 6th day of October, 2025.



James E. Marner
United States Magistrate Judge

- 5 -