Anchun Jean Su (DC Bar No. CA285167)
Howard M. Crystal (DC Bar No. 446189)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
Tel: (202) 849-8399
Emails: jsu@biologicaldiversity.org
              hcrystal@biologicaldiversity.org
*Admitted Pro Hac Vice*

Tala DiBenedetto (NY Bar No. 5836994)
P.O. Box 371
Oceanside, NY 11572-0371
Tel: (718) 874-6734, ext. 555
Email: tdibenedetto@biologicaldiversity.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### TUCSON DIVISION

| | |
|---|---|
| Center for Biological Diversity; and Conservation CATalyst, | Case No. CV-25-00365-TUC-AMM (JEM) |
| *Plaintiffs*, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONTINUE STAY** |
| v. | |
| Kristi Noem, in her official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security; and U.S. Customs and Border Protection, | |
| *Defendants*. | |

Thirty days have passed since this Court granted Defendants' initial Motion for a Stay (ECF No. 26). During that time, new border construction activities appear to have taken place in ecologically important species habitat in the San Rafael Valley, causing Plaintiffs ongoing irreversible harm. Because (1) Defendants have not met their burden to demonstrate why a further stay of this case is necessary or appropriate, particularly since this Court and other courts have directed DOJ staff to continue to work during the Congressional appropriations lapse; (2) Plaintiffs have been, and will continue to be, harmed by a stay while Defendants continue to engage in the underlying harmful activities at issue in this litigation; and (3) resolving this case without further undue delay would best serve judicial economy, this Court should deny Defendants' Motion to Continue the Stay (ECF No. 27). *See DeMartini v. Johns*, 693 Fed. Appx. 534, 538 (9th Cir. 2017) (noting that the party moving for a stay has the burden to "make out a clear case of hardship or inequity in being required to go forward," and the court must weigh the competing interests at stake in granting or denying the stay) (citation and internal quotation marks omitted).

Defendants have not met their burden of showing that a further stay in this case is warranted or necessary given the lapse in Congressional appropriations. Defendants again rely solely on the broad language of the Antideficiency Act, 31 U.S.C. § 1342, which does not require the Court to stay this case (ECF No. 27, ¶ 2). Since Defendants moved for the initial stay of proceedings, courts—including this Court—have denied motions for a stay in light of the lapse in appropriations, finding that the Antideficiency Act and DOJ's own FY 2026 Contingency Plan authorize DOJ attorneys to work to comply with existing

1

Pls.' Response to Defs.' Motion to Continue Stay          CV-25-00365-TUC-AMM (JEM)

scheduling deadlines. *See, e.g.*, Order Den. Mot. for Stay, *Center for Biological Diversity et al. v. United States Forest Service et al.*, ECF No. 30, at 1-2, No. 4:24-cv-00405-RM (D. Ariz. Oct. 20, 2025) (citing *Lehman v. U.S. Dept. of Lab.*, No. 25-11846, 2025 WL 2808472, at *1 (E.D. Mich. Oct. 2, 2025); *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2025 WL 2827029, at *2 (E.D.N.C. Oct. 6, 2025); *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 912 F.3d 641, 641 (D.C. Cir. 2019) (Katsas, J., concurring)); Order Den. Mot. for Stay, *Center for Biological Diversity et al. v. U.S. Bureau of Land Mgmt. et al.*, ECF No. 39, at 1-2, No. 4:24-cv-00141-RM (D. Ariz. Oct. 16, 2025) (same). Additionally, Defendants would not be substantially prejudiced if this litigation were to move forward, as the lapse in appropriations occurred a mere two days before Defendants' deadline for their reply brief in this case (ECF No. 23, ¶ 3).

Further, the balance of harms has increasingly shifted against any further stay in this case, as border construction activities in the San Rafael Valley have continued during the pendency of the stay, causing Plaintiffs ongoing and irreversible harm. Since the end of September, additional border wall appears to have been erected in the San Rafael Valley. *See* Russell McSpadden Decl., ¶¶ 4-8. Construction activities appear to include, *inter alia*, the use of explosives in ecologically sensitive areas serving as important wildlife habitat. *Id*. ¶¶ 5-8. This destruction of precious, irreplaceable habitat and corridors is precisely the harm Plaintiffs are seeking to address through this litigation and underscores the need for the expedited briefing agreed to in this case (ECF No. 11 at 10 n.2; ECF No. 1, ¶¶ 14-23). *See also, Nevada v. United States*, 2019 U.S. Dist. LEXIS 234506, at *3-4 (D. Nev. Jan. 2, 2019) (denying motion to stay due to lack of

appropriations "in light of the alleged irreparable harm and the government's refusal to assure that it will not proceed with the asserted harmful conduct" (shipment of plutonium) before resolution of motion for preliminary injunction).

Further, while this case was stayed, on October 15, 2025, as part of a series of new waivers, the Department of Homeland Security issued a new determination pursuant to Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") Section 102(c) waiving laws and regulations related to contracting and procurement "[i]n order to ensure the expeditious construction of the barriers and roads in the Tucson Sector." Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, 90 Fed. Reg. 48281 (Oct. 15, 2025).[1] In light of this new waiver issued pursuant to IIRIRA in order to expedite border wall construction in the Tucson Sector, and because counsel for Defendants have not responded to Plaintiffs' inquiries regarding whether the waivers would impact the timing of border wall construction in the San Rafael Valley, it is imperative that this case be resolved expeditiously to avoid further prejudice to Plaintiffs from ongoing border construction.[2]

---

[1] The DHS Secretary issued nine identical waivers on the same day that apply to all nine U.S. Border Patrol sectors along the 2,000-mile-long U.S.-Mexico border. *See* 90 Fed. Reg. 48281 (Oct. 15, 2025) (Tucson, Arizona Sector); 90 Fed. Reg. 48282 (Oct. 15, 2025) (El Centro, California Sector); 90 Fed. Reg. 48283 (Oct. 15, 2025) (Del Rio, Texas Sector); 90 Fed. Reg. 48284 (Oct. 15, 2025) (Rio Grande Valley, Texas Sector); 90 Fed. Reg. 48285 (Oct. 15, 2025) (Yuma, Arizona Sector); 90 Fed. Reg. 48286 (Oct. 15, 2025) (Big Bend, Texas Sector); 90 Fed. Reg. 48287 (Oct. 15, 2025) (Laredo, Texas Sector); 90 Fed. Reg. 48288 (Oct. 15, 2025) (El Paso, New Mexico and Texas Sector); 90 Fed. Reg. 48288 (Oct. 15, 2025) (Sen Diego, California Sector).

[2] Indeed, it has become clear that during the shutdown, the federal government is continuing to pursue all kinds of immigration-related activities at the same time it is asking to be relieved of any obligation to defend projects like the one at issue here. For example, the U.S. Customs and Border Protection ("CBP") is now operating in Chicago, Illinois. Alex Welch, *JB Pritzker Warns Rachel Maddow Trump Wants Americans to 'Get Used*

Finally, allowing this litigation to proceed would promote judicial economy. Over a month has passed since Defendants moved for a stay in this case (ECF No. 23), and Defendants once again seek an indefinite stay, one that can last for an unknown length of time—the pendency of the government shutdown (ECF No. 27, ¶ 4). Extending a stay of this litigation for a currently unknown period would further prejudice Plaintiffs and undermine the judicial economy benefits of the expedited briefing sought in this case. *See Native Songbird Care & Conservation v. Foxx*, 2013 U.S. Dist. LEXIS 147828, at *3 n.3 (N.D. Cal. Oct. 11, 2013) ("Given the fact that time is of the essence in this case, and the fact that an indefinite stay could potentially prejudice Plaintiffs, the Court will not stay this case because of the lapse of appropriations."). Accordingly, Plaintiffs respectfully request that this Court deny Defendants' Motion to Continue the Stay.

DATED: November 5, 2025          Respectfully submitted,

                                 */s/ Tala Dibenedetto*
                                 TALA DIBENEDETTO (NY Bar No. 5836994)
                                 CENTER FOR BIOLOGICAL DIVERSITY
                                 P.O. Box 371
                                 Oceanside, NY 11572-037
                                 Telephone: (718) 874-6734, ext. 555

---

*to the Idea' of Military Troops on Their Streets*, Yahoo News (October 7, 2025), https://ca.news.yahoo.com/jb-pritzker-warns-rachel-maddow-165130020.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAJyyIE1TD7E3UrNzGBO_FrXZthQ7Hw0xadBBY60lvFwgP6w-B1rULieXxHjGdwwXpGAob4-1I-Cm7ofVKlZKWb6H9BQUDCeZJSeY. Moreover, it bears noting that Chicago is hundreds of miles from any U.S. border, further undermining any notion that Defendants' authority under IIRIRA § 102(a) is adequately constrained because DHS can only act within 100 miles of U.S. borders (ECF No. 11-3, ¶ 12).

---

Pls.' Response to Defs.' Motion to Continue Stay          CV-25-00365-TUC-AMM (JEM)

Email: tdibenedetto@biologicaldiversity.org
*Admitted Pro Hac Vice*

ANCHUN JEAN SU (DC Bar No. CA285167)
HOWARD M. CRYSTAL (DC Bar No. 446189)
CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street N.W., Suite 1300
Washington, D.C. 20005
Telephone:    (202) 849-8399
Emails:       jsu@biologicaldiversity.org
              hcrystal@biologicaldiversity.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

Pls.' Response to Defs.' Motion to Continue Stay        CV-25-00365-TUC-AMM (JEM)