1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-25-00365-TUC-AMM (JEM) |
| Plaintiffs, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Continue Stay of Defendants' Reply Deadline in Light of Lapse of Appropriations ("Motion"). (Doc. 27.) Plaintiffs have filed their opposition to Defendants' Motion. (Doc. 28.) As explained below, the Court will deny the Motion.

**Relevant Procedural History**

At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice ("DOJ") expired and those appropriations to the DOJ lapsed. On October 6, 2025, the Court granted Defendants' request for a stay until October 31, 2025, and ordered that should appropriations remain lapsed, Defendants shall move to continue the stay by Monday, November 3, 2025. (Doc. 26.)

1

**Relevant Factual Background**

2

3    This matter involves the legality of the construction of a border wall and roads that

4    will purportedly "slice through Arizona's San Rafael Valley that would destroy the most

5    important remaining wildlife corridors for highly imperiled jaguar and ocelot populations."

6    (Doc. 25 at p. 4, citing Doc. 1 at ¶¶ 41-49, Doc. 11 at pp. 5-6.)

7

8    In opposition to Defendants' Motion, Plaintiffs submit the Declaration of Russel D.

9    McSpadden. (Doc. 28-1 at pp. 1-4.) Mr. McSpadden sets forth that he visited the San Rafael

10   Valley area to observe border wall construction on September 15 and 29, and October 31,

11   2025. *Id*. at ¶ 2. Mr. McSpadden sets forth his observations that, *inter alia*, "approximately

12   350 feet of border wall had been erected;" "two large areas of grassland within the

13   Coronado National Forest had been scraped bare for a staging yard and what had been

14   called a 'man camp' for worker housing;" "[there is] an increase in the number of worker

15   trailers and heavy machinery [in the relevant area];" and "more than a quarter mile of new

16   border wall had been built since [September 15, 2025]." (Doc. 28-1 at ¶¶ 3-5.) Mr.

17   McSpadden avers, *inter alia*, that the activity he personally observed "appears to have

18   occurred in an ecologically sensitive area that supports endangered species, including the

19   jaguar and ocelot, and is managed by the National Park Service." *Id*. at ¶ 7.

20

21

22

23   **Legal Standard and Analysis**

24   The decision to issue a stay is within the discretion of the district court.[1] *See Ryan*

25

26

---

27   [1] A motion to stay litigation that is not dispositive of either the case or any claim or defense
     within it may properly be determined by a magistrate judge. *S.E.C. v. CMKM Diamonds,*
28   *Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). This Court finds that Defendants' Motion is not
     dispositive of either the case or any claim or defense within it.

*v. Gonzales*, 568 U.S. 57, 74 (2013). In considering a motion to stay the following factors are weighed: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The moving party bears the burden to demonstrate that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Considering the foregoing, the Court finds that it should not continue the stay in this litigation and that Defendants should be required to file their reply brief. At the time Defendants moved for entry of a stay on October 1, 2025, their reply brief was due on October 3, 2025. (Doc. 17.) Given this time frame, the Court expects that much of the work necessary to prepare Defendants' reply is already complete.

As Mr. McSpadden's declaration sets forth, the construction that forms the basis of this action has progressed in the San Rafael Valley since September 15, 2025. Given relatively limited legal work necessary to finalize and file Defendants reply, in light of the construction in the San Rafael Valley that was personally observed by Mr. McSpadden, the Defendants' request to continue the stay will be denied.

…

…

…

…

**Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED DENYING** Defendants' Motion to Continue Stay of Defendants' Reply Deadline in Light of Lapse of Appropriations. (Doc. 27.) Defendants shall submit their reply brief by **November 14, 2025**.

Dated this 5th day of November, 2025.

_____
James E. Marner
United States Magistrate Judge