BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

ALEXANDER J. YUN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
202-674-0255
Alex.Yun@usdoj.gov
*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, in her official Capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | 4:25-cv-00365-AMM-TUC <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION** |

i

**INTRODUCTION**

Plaintiffs object to Judge Marner's Report and Recommendation (ECF No. 32), but they do so raising the same flawed arguments as in their prior briefs. Plaintiffs have not raised any new issues or legal errors with Judge Marner's thorough decision, which correctly follows numerous decisions from other jurisdictions that have rejected the same arguments. Defendants previously rebutted each of Plaintiffs' arguments in their Motion for Summary Judgement and Reply Brief (ECF Nos 18 & 30). As set forth briefly below, Plaintiffs' objections lack merit and the Court should adopt the Report & Recommendation in full.

I.   **Objection No. 1**

   A. **The Report Properly Characterized the Nature of the IIRIRA § 102(c) Waiver Authority and Found a Constitutional Policy in the Delegation.**

Plaintiffs argue that the Report mischaracterized the nature of the waiver authority. First, they claim that the IIRIRA requires the Secretary to prioritize between border construction and other legal interests. Pls' Obj. at 3. Not so. As Defendants previously explained, Congress did not instruct the Secretary to weigh competing interests in deciding to waive a law; she simply must decide if a law may inhibit the mandate to expeditiously build at the border. Defs' Reply at 3. Because Congress already weighed competing interests and set forth a general policy for the Secretary to follow in exercising her authority, the Secretary is merely effectuating the policy that Congress has established. The Report thus correctly concluded that "Congress clearly delineated the

'general[] policy' of §102 as the deterrence of illegal crossings by way of the construction of additional physical barriers along the United States border." Report at 12.

Additionally, Plaintiffs incorrectly assume that the Secretary must have legal expertise in the laws that she is waiving. Pls' Obj. at 3. Nothing of the sort is required. As stated in Defendants' Reply Brief, "The Secretary need not have expertise over every law she waives; rather, she must comprehend and implement the intelligible principle that Congress articulated." Defs' Reply at 3.  For this reason, the Report correctly concluded that "no such knowledge on the Secretary's part is required." Report at 14.

Second, Plaintiffs argue that choosing which laws to disregard is a "major policy decision." Pls' Obj. at 4. Defendants previously responded to this point as well. Defs' Reply at 2. In short, Defendants agree that favoring border construction over other legal interests is a policy decision, but Congress made that decision in the IIRIRA. Determining which laws to waive is not a standardless decision, it is enforcement of the policy decision with meaningful boundaries set by Congress. In the IIRIRA, Congress set the policy, and the Secretary enforces it through waiver.  Nothing about that process offends the Constitution.

Finally, Plaintiffs argue that "the general goal of deterring illegal entry does nothing to inform the Secretary's waiver authority. . ." Pls' Obj. at 4-5. To the contrary, this general goal does everything to inform the Secretary's waiver authority. Simply put, the Secretary, when waiving a law, must consider whether the law may inhibit expeditious construction of border infrastructure *See* Defs' Reply at 3. This principle is

not a statement of "basic purpose," as Plaintiffs claim, but a clear and easily administrable policy directive that that guides the decision for the Secretary.

### B. **The Report Correctly Identifies Meaningful Boundaries in the IIRIRA.**

Plaintiffs object to the Report's findings of meaningful boundaries in the IIRIRA because the scope of the delegation is overly broad. Pls' Obj. at 5. Yet, as Defendants previously argued, the scope of delegation is the wrong inquiry. Defs' Reply at 4. Rather, "the relevant inquiry is whether the Legislative Branch has laid down an intelligible principle to guide the Executive Branch, not the scope of the waiver power." *Defs. of Wildlife v. Chertoff*, 527 F. Supp. 2d 119, 129 (D.D.C. 2007). The fact that the Supreme Court has only twice declared a delegation unconstitutional only re-enforces the notion that broad scopes can be constitutional if they have an intelligible principle and meaningful boundaries. *See* Defs' Mot. at 5-6. Accordingly, the Report correctly concluded that the Secretary's waiver authority is "sufficiently confined such that this Court is not persuaded to recommend that the district court hold that §102 violates the non-delegation doctrine[.]" Report at 14.

Even if scope is a relevant factor, the IIRIRA's delegation is appropriately cabined. Defendants agree with Plaintiffs that the IIRIRA allows the Secretary to waive the enforcement of any laws, Pls' Obj. at 6, but that authority is limited in application. The waiver only applies to construction of barrier infrastructure, and that construction may only occur within the "vicinity of the United States border." IIRIRA § 102(a). Plaintiffs argue that this encompasses anywhere within 100 miles of the U.S. border, but, once again, they conflate CBP's area of enforcement authority with the area in which the

Secretary may perform border infrastructure construction. *See* Defs' Reply at 6. In actuality, the IIRIRA grants the Secretary authority to waive laws for a specific purpose in a specific area. The boundaries of this authority are entirely consistent with non-delegation principles.

Plaintiffs contend that the Report erroneously relies on past cases, some of which were decided under prior versions of the IIRIRA. Pls' Obj. at 6-7. As Defendants argued, though, multiple cases have since been decided under the current version of the IIRIRA, and every case found the delegation constitutional, including most recently then-Judge Jackson on the D.C. District Court. Defs' Reply at 7-8. Even so, the cases finding the IIRIRA constitutional prior to the current version contain relevant analysis. The only changes regard geographical scope. *See* Defs' Reply at 8. Plaintiffs make much of the fact that DHS has exceeded the 700-mile mandate, but that fact is irrelevant. The statute expressly says DHS shall "construct reinforced fencing along *not less than 700 miles* of the southwest border" IIRIRA § 102(b)(1)(A) (emphasis added). Congress expressly contemplated—indeed, directed—that DHS construction more than 700 miles of barrier fencing. In any event, prior courts' findings of constitutionality were not predicated on DHS restraining construction to a 700-mile area; they found constitutionality because they found an intelligible principle and sufficient boundaries. Whether the Secretary builds one mile of border wall or 1,000, the analysis is the same.

Plaintiffs further reiterate their argument regarding criteria and standards, contending that because Congress failed to set out criteria or rules for the Secretary to use when waiving laws, the delegation is unconstitutional. Pls' Obj. at 7. As Defendants

4

previously argued, the Supreme Court has never required criteria in a delegation, only an intelligible principle, and Congress did provide such a principle in the IIRIRA, as the Report recognized. Defs' Mot. at 11. Following that principle, the Secretary is amply equipped to determine which laws should be waived in favor of border infrastructure construction.

Plaintiffs also continue to assert that the requirement that a waiver be "necessary to ensure expeditious construction" does not impose meaningful constraints. Pls' Obj. at 8. They claim that, unlike in *Whitman*, the Secretary of Homeland Security has no subject matter expertise in the laws she waives. *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 465 (2001). Plaintiffs confuse the Secretary's area of expertise. Plaintiffs claim that the Secretary needs expertise in the "*operation*" of every law, but the IIRIRA requires no such thing. Pls' Obj. at 9.  Rather, the Secretary need only have "expertise" in the *effect* of law — whether it may inhibit expeditious border infrastructure construction, a determination the Secretary is well equipped to make..

Finally, Plaintiffs deny that the Secretary's independent authority over national security puts the delegation on stronger footing. Defendants already responded to this argument in their reply brief. Defs' Reply at 3-4. It matters not whether the Secretary's waiver affects interests beyond national security if the purpose of the waiver was national security. And because the purpose is national security, the Secretary's independent authority over national security interests places the delegation on firmer constitutional footing.

## II. Objection No. 2: The Report Correctly Finds that the IIRIRA Complies with the Presentment Clause.

Plaintiffs object to the Report's finding that IIRIRA does not violate the Presentment Clause. In doing so, they rehash the same argument that waivers under the IIRIRA function as amendments. Defendants already responded to these arguments in their Motion for Summary Judgment and Reply brief. Defs' Mot. at 15-16; Defs' Reply at 10. In brief, Defendants argued that (1) a waiver is unlike an amendment because the waived laws remain in effect and have legal force in every scenario except for the waived instance, and (2) every court to address this issue both in the IIRIRA context and in other contexts has held the same. The Report correctly relied on this authority to reject Plaintiffs' argument. *See* Report at 16-17 ("District courts have repeatedly rejected the argument that Plaintiffs present to this Court.").

Additionally, Plaintiffs repeat their argument that the waiver "collapse[es] the separation of powers" by allowing the Secretary to repeal laws. Pls' Obj. at 10. Again, Defendants responded to this in their Motion for Summary Judgment, Defs' Mot. at 17, arguing that the waivers are a means of executing the will of Congress. The Secretary must abide by Congress' directive and has no independent authority to repeal any laws. Therefore, the IIRIRA is consistent with the separation of powers.

## CONCLUSION

For the foregoing reasons, the Court should adopt the Report & Recommendation in full and side with every other federal court to hear these issues by granting summary judgment in favor of Defendants.

| | |
|---|---|
| Dated: January 8, 2026 | Respectfully submitted, |

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

/s/  Alexander J. Yun
ALEXANDER J. YUN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*