**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-25-00365-TUC-AMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Markwayne Mullin[1], et al., | |
| Defendants. | |

On December 2, 2025, Magistrate Judge James E. Marner issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion for Summary Judgment and deny Plaintiffs' Motion for Summary Judgment. (Doc. 31.) Plaintiffs filed written objections on December 15, 2025.[2] (Doc. 32.) Defendants replied on January 8, 2026. (Doc. 35.) For the following reasons, the Court adopts the recommendation.

## I.   Standard of Review

The standard of review applied to a magistrate judge's report and recommendation

---

[1] Markwayne Mullin succeeded Kristi Noem as the Secretary of Homeland Security. He is automatically substituted as Defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

[2] Plaintiffs request oral argument. (Doc. 32 at 1.) The Court will deny the request because the briefs provide sufficient information to decide this matter, and oral argument will not aid in the Court's decision-making process. *Warden v. Walkup*, No. CV-13-00283-TUC-DCB, 2020 WL 1694752, at *2 (D. Ariz. Apr. 7, 2020) (citing *Mahon v. Credit Bur. of Placer Cnty., Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999)).

depends on whether a party files objections. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district court need not review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Id.* at 150.

If, however, a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Although the district court is not required to review an issue de novo absent a proper objection, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II.    Background

Plaintiffs Center for Biological Diversity and Conversation CATalyst are nonprofit environmental organizations that seek to halt construction of a border wall in Arizona's San Rafael Valley ("Arizona Border Wall Project"). (Doc. 1 at 2–15.) Plaintiffs assert that the Arizona Border Wall Project will catastrophically impact indigenous endangered species including jaguars. (*Id.* at 2, 28.) The Arizona Border Wall Project proposes construction of 30-foot bollard walls, which Plaintiffs assert "will be impermeable for larger wildlife and thereby close critical transboundary pathways." (*Id.* at 3.) Plaintiffs further explain that "[i]n addition to blocking migratory routes for many additional animals, the [Arizona Border Wall] Project will also destroy habitats of 17 endangered and threatened species, disturb wildlife during construction due to associated noise and light pollution, divide genetic interchange, impact groundwater availability in local aquifers, and disrupt the cultural integrity of borderland communities." (*Id.*)

On June 5, 2025, the then Secretary of Homeland Security Kristi Noem exercised her authority under § 102(c) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") to facilitate the Arizona Border Wall Project. (*Id.* at 4.) Noem waived all legal restrictions on construction of the Arizona Border Wall Project for

approximately 41 miles of the U.S. Border Patrol Tucson Sector ("the Waiver").[3] (*Id.* 2, 4.) Noem determined that this was an area of high traffic for undocumented noncitizens. (Doc. 31 at 8.)

Plaintiffs raise two constitutional challenges to the Waiver. (Doc. 1 at 32–36.) First, they assert that § 102 violates the separation of powers and nondelegation doctrine by unconstitutionally delegating to the executive branch power that is exclusively legislative. (*Id.* at 32–34.) Specifically, § 102(c) gives the Secretary of Homeland Security the power and discretion to waive any and all laws when he or she determines such waiver is "necessary to ensure expeditious construction of the barriers and roads" of the border wall. *In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d 1092, 1103–04 (S.D. Cal. 2018) *aff'd*, 915 F.3d 1213 (9th Cir. 2019), *cert. denied*, 586 U.S. 1035 (Dec. 3, 2018) (quoting 8 U.S.C. § 1103 note). Plaintiffs assert that § 102 violates the nondelegation doctrine because it lacks "an intelligible principle" that "clearly delineates the general policy" and the "boundaries of th[e] delegated authority." (Doc. 11 at 13 (quoting *Mistretta v. United States*, 488 U.S. 361, 372–73 (1989)).)

Second, Plaintiffs assert that § 102 violates the Presentment Clause. (Doc. 1 at 35.) They raise a facial challenge to § 102(c). (*Id.*) Specifically, Plaintiffs argue that § 102(c) gives unilateral authority to the Secretary of Homeland Security to waive any laws that impede the construction of barriers on the border "without Congress passing a law to void the specific laws at issue or limit their application, and presenting it to the President, as required by Article I, Section 7 of the U.S. Constitution." (*Id.*) Plaintiffs also argue that §102(c) is unconstitutional as applied because Defendant "chose which laws to waive and which laws to obey without an act of Congress specifying which particular law or set of laws could be waived and without the presentation of said Congressional act to the President." (*Id.* at 36.)

///

---

[3] The Waiver covered two separate sections of the Tucson Sector. The first section lies between Border Monument 121 and Border Monument 17. (Doc. 31 at 7.) The second section starts at Border Monument 99 and continues 33.4 miles west. (*Id.* at 8.)

### III.     Report and Recommendation

The Magistrate Judge rejected both claims. (Doc. 31.) First, the Magistrate Judge found that § 102 does not violate the nondelegation doctrine. (*Id.* at 10–15.) The Magistrate Judge concurred with various other courts in finding that § 102 clearly delineates a general policy of "deterrence of illegal crossings by way of the construction of additional physical barriers along the United States border." (*Id.* at 12 (citing *In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1133; *Defs. of Wildlife v. Chertoff*, 527 F. Supp. 2d 119 (D. D.C. 2007), *cert. denied*, 554 U.S. 918 (2008)).)

In so doing, the Magistrate Judge followed other courts in rejecting Plaintiffs' argument that the sheer breadth of delegation of power in § 102(c) evinces the lack of a general policy. (*Id.* at 10, 12.) The Magistrate Judge concluded that the Secretary of Homeland Security's authority under § 102(c) is "meaningfully bounded" despite the number of laws that could be subject to waiver because that authority is exercised for a narrow purpose prescribed by Congress. (*Id.* at 12–13 (citing *Defs. of Wildlife*, 527 F. Supp. 2d at 127).) The Magistrate Judge also rejected Plaintiffs' argument that "necessary" and "expeditious" are not meaningful boundaries and that "the mere objective of building barriers" does not provide sufficient guidance. (*Id.* at 12 (quoting Doc. 11 at 15–16).) The Magistrate Judge applied the Supreme Court's finding in *Whitman v. American Trucking Association*, 531 U.S. 457, 475 (2001) that "the degree of agency discretion that is acceptable varies according to the scope of the power congressionally conferred." (*Id.* at 14.) The Magistrate Judge further concurred with the court in *Defenders of Wildlife* in finding that, "[w]hen the area to which the legislation pertains is one where the Executive Branch already has significant independent constitutional authority, delegations may be broader than in other contexts." (*Id.* at 14–15 (quoting *Defs. of Wildlife*, 527 F. Supp. 2d at 129).)

Second, the Magistrate Judge rejected Plaintiff's Presentment Clause challenge. (*Id.* at 16.) Citing similar holdings in *Defenders of Wildlife* and *In re Border Infrastructure Environmental Litigation*, the Magistrate Judge concluded that § 102(c) does not allow the

Secretary of Homeland Security to alter, repeal, or cancel any statutory provision. (*Id.* at 16–17.) Rather, the waived laws remain in effect as enacted by Congress but not applied as to the specific area targeted for border construction. (*Id.*)

Accordingly, the Magistrate Judge recommended that this Court grant Defendants' Motion for Summary Judgment and deny Plaintiffs' Motion for Summary Judgment.

### IV.    Plaintiffs' Objections

Plaintiffs object to the R&R. (Doc. 32.) They first argue that the Magistrate Judge misconstrued their nondelegation challenge and "fail[ed] to meaningfully grapple with the nature of the delegation of picking and choosing which laws should be sacrificed . . . ." (*Id.* at 7–8.) Plaintiffs contend this requires the Secretary of Homeland Security to carry out the "quintessentially legislative power" of weighing construction of the border wall "against the universe of other legally protected public and private interests" on which he or she is not an expert. (*Id.* at 8, n.3.) Plaintiffs further assert that Congress did not prescribe sufficient guidance that would enable the Secretary of Homeland Security to make this calculation. (*Id.* at 9.)

Plaintiffs also argue that the Magistrate Judge failed to consider "the authority's elephantine girth." (*Id.*) According to Plaintiffs, "neither the [R&R], nor the cases on which it relies, provide any reasoning as to how the breathtakingly large scope of the waiver authority in § 102 is consistent with Congress'[s] constitutional obligation to provide the Executive Branch with sufficient boundaries for a broadly delegated power." (*Id.* at 10.) Plaintiffs assert that the Magistrate Judge did "not even discuss the astonishing scope of the IIRIRA waiver authority outside of [noting] the 'number of laws that may theoretically be waived.'" (*Id.* at 9 (quoting Doc. 31 at 13).)

Second, Plaintiffs object to the finding that § 102(c) complies with the Presentment Clause arguing that the Magistrate Judge "did not grapple with Plaintiffs' arguments as to why [prior] cases were decided incorrectly." (*Id.* at 13.) Plaintiffs argue that waivers for border construction essentially function as amendments due to the vast number of laws they affect, making them distinguishable from any other waiver delegated to executive

- 5 -

decision-making. (*Id.* at 14.)

## V.    Discussion

The Court has reviewed and considered Plaintiffs' Complaint (Doc. 1); Plaintiffs' Motion for Summary Judgment and Statement of Facts (Docs. 11–13); Defendants' Motion for Summary Judgment and Response (Doc. 18); Defendants' Statement of Facts and Controverting Statement of Facts (Docs. 19–20); Plaintiffs' Response and Reply (Doc. 21); Plaintiffs' Controverting Statement of Facts (Doc. 22); Defendants' Reply (Doc. 30); the Magistrate Judge's R&R (Doc. 31); Plaintiffs' Objections (Doc. 32); and Defendants' Reply (Doc. 35). The Court will adopt the recommendation.

As a threshold matter, objections "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *Hall v. Kirkegard*, CV 14–11–H–DLC–JTJ, 2018 WL 747375, at *2 (D. Mont. Feb. 7, 2018) (quoting *Mont. Shooting Sports Ass'n v. Holder*, No. CV 09–147–M–DWM–JCL, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)) ("It is not sufficient for the objecting party to merely restate arguments made before the magistrate . . . ."). "There is no benefit to the judiciary 'if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate.'" *Hall*, 2018 WL 747375, at *2 (quoting *Mont. Shooting Sports Ass'n*, 2010 WL 4102940, at *2).

Plaintiffs' objections make substantially the same arguments that were presented to and rejected by the Magistrate Judge. They attempt to require this Court to review the entire matter de novo by asserting that the Magistrate Judge misconstrued or did not grapple with the issues. But that is not the case. The Magistrate Judge properly considered Plaintiffs' arguments and concluded that Plaintiffs fail to present a successful constitutional challenge to § 102(c). The Magistrate Judge reached this conclusion after carefully considering the arguments and facts presented here, as well as the holdings from other courts that have considered these exact arguments in depth. The Court will nonetheless address Plaintiffs' renewed arguments in an abundance of caution.

- 6 -

### a. Nondelegation Doctrine

The Magistrate Judge properly concluded that § 102(c) does not violate the nondelegation doctrine because Congress provided a sufficient intelligible principle. As the Magistrate Judge correctly explained, "[u]nder the intelligible principle standard, a statute delegating authority is constitutional if it 'clearly delineates [(1)] the general policy, [(2)] the public agency which is to apply it, and [(3)] the boundaries of the delegated authority.'"[4] *In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1131 (quoting *Mistretta*, 488 U.S. at 372–73)).

### i. General Policy

As to the first element, Plaintiffs argue that § 102(c) lacks a general policy because "the general goal of deterring illegal entry does nothing to inform the Secretary's waiver authority of deliberating on which laws to nullify and weighing competing statutorily-protected interests." (Doc. 32 at 8–9.) In other words, Plaintiffs challenge § 102(c)'s delegation of the "quintessentially legislative" power to pick and choose between laws. (*Id.*)

This argument is unavailing because Congress is permitted to do precisely what Plaintiffs challenge. The Supreme Court has long allowed Congress to delegate its legislative authority to other branches of government as long as Congress provides some guidance. *Defs. of Wildlife*, 527 F. Supp. 2d at 126 (collecting cases). Indeed, "[a]s a result of this broad constitutional standard, the Supreme Court has upheld all Congressional delegations of power since 1935." *In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1131 (citing *Mistretta*, 488 U.S. at 373; *Loving v. United States*, 517 U.S. 748, 771 (1996)). "[O]nly the most extravagant delegations of authority, those providing *no* standards to constrain administrative discretion, have been condemned by the Supreme Court as unconstitutional." *Defs. of Wildlife*, 527 F. Supp. 2d at 129 (quoting *Humphrey v. Baker*, 848 F.2d 211, 217 (D.C. Cir. 1988)).

The Magistrate Judge considered Plaintiffs' pick-and-choose argument and rejected

---

[4] There is no dispute as to the second element.

it because Congress outlined a sufficient policy to guide the judgment required of the Secretary of Homeland Security: "deterrence of illegal crossings by way of the construction of additional physical barriers along the United States border." (Doc. 31 at 12.) In response to the arguments that Plaintiffs present here, the courts in *In re Border Infrastructure Environmental Litigation* and *Defenders of Wildlife* did the same. *See In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1133 ("[T]he Court finds that Congress clearly delineated the 'general policy' of section 102 as deterrence of illegal crossings through construction of additional physical barriers to improve U.S. border protection . . . ."); *Defs. of Wildlife*, 527 F. Supp. 2d at 127 (quoting *Mistretta*, 488 U.S. at 372–73) ("The 'general policy' is 'clearly delineated'—*i.e.* to expeditiously 'install additional physical barriers and roads . . . to deter illegal crossing in areas of high illegal entry.'"). The Court similarly concludes that § 102(c) is sufficiently guided by the general policy outlined in the § 102(a): "The Secretary of Homeland Security shall take such actions as may be necessary to install additional physical barriers and roads . . . in the vicinity of the United States border to deter illegal crossings in areas of high illegal entry into the United States." *In re Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1104 (quoting 8 U.S.C. § 1103 note).

Furthermore, like the Magistrate Judge, this Court cannot adopt Plaintiffs' position that § 102 lacks a general policy because it does not provide *detailed* guidance. "While it is true that section 102(c) contains considerably fewer details than other challenged statutes, the Supreme Court does not demand that Congress outline specific factors or criteria when delegating authority. Rather, Congress need only delineate the boundaries of the delegated authority in broad and general terms." *Id.* at 1134. "[E]ven in sweeping regulatory schemes we have never demanded . . . that statutes provide a 'determination criterion' for saying 'how much [of the regulated harm] is too much.'" *Id.* (quoting *Whitman*, 531 U.S. at 475) (alteration in original).

### ii.    Boundaries of Delegated Authority

The Court, like the Magistrate Judge, has considered Plaintiffs' argument that § 102 lacks meaningful boundaries due to its "elephantine girth." (Doc. 32 at 9.) The argument

fails. First, despite Plaintiffs' objections, the Court is not required to parse out the number or type of laws potentially impacted by a waiver to adequately assess whether the breadth of the delegated authority renders it unconstitutional. The Magistrate Judge considered the wide scope of delegation but appropriately found that § 102(c) contains meaningful boundaries.

This Court finds the same. Specifically, § 102(b) limits the Secretary of Homeland Security's waiver authority both temporally and geographically by only allowing waiver of laws that he or she deems "necessary to ensure the *expeditious* construction of *barriers and roads*." *In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1133–34 (emphasis added). Furthermore, "while courts have recognized limits on Congress'[s] authority to delegate its legislative power, those limits are less rigid where the entity 'itself possesses independent authority over the subject matter[,]'" just as the Executive Branch does over immigration. *Id.* at 1132 (quoting *Loving*, 517 U.S. at 772).

Therefore, the Court concurs with *Defenders of Wildlife* in observing that "despite the surface appeal of plaintiffs' arguments [under the nondelegation doctrine], they cannot survive careful scrutiny, for there is no legal authority or principled basis upon which a court may strike down an otherwise permissible delegation simply because of its broad scope." *Defs. of Wildlife*, 527 F. Supp. 2d at 128 (rejecting substantially the same scope arguments presented in this case).

Accordingly, the Court finds that Plaintiffs' constitutional challenge to § 102(c) pursuant to the nondelegation doctrine fails.

### b. Presentment Clause

The Magistrate Judge also properly concluded that § 102(c) does not violate the Presentment Clause. "The Constitution does not allow the Executive 'to enact, to amend, or to repeal statutes.'" *In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1141 (quoting *Clinton v. City of N.Y.*, 524 U.S. 417, 438 (1998)). Plaintiffs argue that, "because of § 102(c)'s behemoth nature, the IIRIRA waivers inevitably function as amendments to the underlying laws being waived." (Doc. 32 at 13–14.) They explain that Defendant

"effectively added a new provision stating that the laws do not apply when [the Secretary of Homeland Security] says so." (*Id.* at 14.) Plaintiffs cite to *Clinton v. City of New York* as support. (Doc. 11 at 19–20.)

As the Magistrate Judge noted, the Supreme Court in *Clinton* invalidated the Line Item Veto Act that allowed the Executive Branch to "replace[] the once legally-passed bills with truncated replacements." *In re Border Infrastructure Env't Litig.*, 284 F. Supp. 3d at 1132 (citing *Clinton*, 524 U.S. at 438). The Court agrees with the holding in *In re Border Infrastructure Environmental Litigation*, which concluded that "[t]his situation, however, is distinguishable from *Clinton*. Here, the Waivers are narrow in scope and only for the purpose of building border barriers[,] something that is permitted by section 102(c)." 284 F. Supp. 3d at 1141. "[T]he statutes largely retain legal force and effect because the § 102(c) waivers only disturb the waived statutes for a specific purpose and for a specific time." *Id.*; *see also Defs. of Wildlife*, 527 F. Supp. 2d at 124 ("The REAL ID Act's waiver provision differs significantly from the Line Item Veto Act. The Secretary has no authority to alter the text of any statute, repeal any law, or cancel any statutory provision, in whole or in part.").

The Court finds unavailing Plaintiffs' argument that *In re Border Infrastructure Environmental Litigation* and *Defenders of Wildlife* were decided incorrectly because they "likened § 102(c) to plain vanilla waiver provisions[.]" (Doc. 32 at 14.) Neither *In re Border Infrastructure Environmental Litigation* nor *Defenders of Wildlife* negated the "sweeping waiver authority" of § 102(c). On the contrary, those courts, and the Magistrate Judge, recognized the substantial effect on dozens of laws that a § 102(c) waiver could have. They nevertheless concluded, as this Court does, that § 102(c) does not violate the Presentment Clause simply because it is among the broadest delegations of power that Congress has enacted.[5]

///

---

[5] Similarly, while the Court appreciates the possible effect on indigenous endangered species in Southern Arizona as Plaintiffs so thoroughly argue, it may not disregard these legal findings.

### VI.    Conclusion

For the reasons stated above, this Court must reject Plaintiffs' challenges to waivers under § 102(c).

**IT IS THEREFORE ORDERED** that:

(1) The Magistrate Judge's Report and Recommendation is **ADOPTED**. (Doc. 31.)

(2) Defendants' Motion for Summary Judgment is **GRANTED**. (Doc. 18.)

(3) Plaintiffs' Motion for Summary Judgment is **DENIED**. (Doc. 11.)

(4) The Clerk of Court shall enter judgment in favor of Defendants, term any pending motions, and close the file in this case.

Dated this 26th day of March, 2026.

Honorable Angela M. Martinez
United States District Judge

- 11 -